```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : COMMERCIAL PART 8
-------------------------------------x
YONA ZEVE ZWEBNER, NEHAMA ZWEBNER,
JOSEPH SILBERMAN, RAZIEL AVISHI, NISIM
OHAYON, MOSHE OHAYON, ESTHER OHAYON, ELI
HASKAL, REUVEN ANKRI, YITZCHAK BLAS,            Decision and order
YEHUDA LANDAU, YEHUDA TZADKA, SHEMUEL
ELGRABLI, CHANI ELGRABLI, DAVID FODOR,
MOSHE GERSHUNI, TZVI YAKOVE, YEHUDA
GANTZ, ELI KIRSHANBOUM, JOSEPH CHARVIT,
AVRUMI VAKNIN, NATAN FELDMAN, AVRAHAM
MISHKOVSKY, RAPHAEL KESSLER, ISRAEL MEIR
PERETZ, YITZCHAK CHAIM ARIE, BEZALEL
SCHWAB, SHMUEL VAKNIN, LEVI ITZCHAK
HELLER, SHIMON VAKNIN,
                              Plaintiffs,      Index # 530498/2021

            - against -                        June 13, 2022

YECHEZKEL STRULOVITCH A/K/A CHASKIEL MR.
STRULOVITCH , CS CONSTRUCTION GROUP LLC,
GLAUBERS CHASIDISHA CLOTHING LLC,
GLAUBERS CLOTHING LLC, GLAUBERS QUALITY
CLOTHING LLC, GLAUBERS TRADITIONAL
CLOTHING LLC, 945 PARK PL LLC, 1078 DEKALB
LLC, 74 VAN BUREN LLC, 454 CENTRAL AVENUE
LLC, 980 ATLANTIC HOLDINGS LLC, PENN
CONDOMINIUM LLC, THROOP HOME, LLC,
EIGHTEEN PROPERTIES LLC, THE BUSHWICK
PARTNERS LLC, BROOKLYN VENTURES LLC, THE
HOWARD DAY HOUSE LLC, 196 ALBANY
HOLDINGS L.P., CSN PARTNERS LP,
KNICKERBOCKER LOFTS LLC, 1301 PUTNAM LLC,
741 LEXINGTON LLC, 296 COOPER LLC,
WILLTROUT REALTY LLC, STAGG STUDIOS LLC,
FIRST AVENUE REALTY HOLDINGS L.P., CSY
HOLDINGS LLC, CAS MANAGEMENT COMPANY
BAYSHORE, INC., 31 BROOKLYN LLC, 1035
FLUSHING AVE LLC, VICTORY BLVD ASSOCIATE
LLC, SOI GROUP LLC, 945 WILLOUGHBY
HOLDINGS LLC, 119 HOLDINGS LLC, WALLACE
HOLDINGS LLC, 1642 EQUITIES LLC, BNH
PROPERTIES LLC, HERMAN GREENFELD as trustee
of GIVAS OLIM TRUST, MENDEL BRACH as
trustee of GIVAS OLIM TRUST, TOMPKINS 420
REALTY LLC, WILLOUGHBY EQUITIES LLC,
186 LENOX LLC, 400 SOUTH 2ND STREET REALTIES
L.P., WYKOFF SP LLC, 1428 FULTON ST LLC, PENN
& MARCY LLC, 420 TOMPKINS, LLC, 599-601
```

WILLOUGHBY LLC, CS YH CONDOS LLC, LENOX
186 HOLDINGS LLC, LENOX 186 REALTY LLC, 400
SOUTH 2ND STREET HOLDINGS L.P., R.P.S.
PROPERTIES LLC, FULTON STREET HOLDNGS LLC,
908 BERGEN STREET LLC, 901 BUSHWICK AVENUE
LLC, GATES EQUITY HOLDINGS LLC, 853
LEXINGTON LLC, 348 ST. NICHOLAS LLC, 762
WILLOUGHBY LLC, 855 DEKALB AVENUE LLC,
THE BRIDGE TOWER LLC, 619 HOLDINGS LLC,
GRAND SUITES LLC, CATALPA DEVELOPMENT,
LLC, SLOPE OFFICES LLC, 41-49 SPENCER LLC,
482-484 SENECA LLC, 1217 BEDFORD LLC, 1266
PACIFIC LLC, MYRTLINO HOLDINGS, LLC, 259
BERRY LLC, and 261 BERRY LLC,
                                    Defendants,
-----------------------------------------x
PRESENT: HON. LEON RUCHELSMAN

    The plaintiffs have moved seeking to reargue a portion of a decision dated January 27, 2022 which dismissed the cause of action for unjust enrichment against certain defendants denominated the non-Strulovitch defendants. Further, defendants CSN Partners LP, 196 Albany Holdings LP, 400 South 2nd Street Realties LP, 400 South 2nd Street Holdings LP, First Avenue Realty Holdings LP, 186 Lenox LLC, Lenox 186 Holdings LLC, and Lenox 186 Realty LLC [hereinafter the 'moving defendants'] also move seeking to reargue the decision and seek a determination they are entitled to costs and attorney's fees pursuant to CPLR §6514(c). The motions have been opposed respectively. Papers were submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

    The facts have been adequately presented in the prior order

2

and need not be repeated here.

A motion to reargue must be based upon the fact the court overlooked or misapprehended fact or law or for some other reason mistakenly arrived at in its earlier decision (Deutsche Bank National Trust Co., v. Russo, 170 AD3d 952, 96 NYS2d 617 [2d Dept., 2019]).

Paragraph 208 of the amended complaint, which is the crux of the unjust enrichment claim, states that "defendants have unjustly enriched themselves at Plaintiffs' expense by, inter alia, improperly taking Plaintiff Investment Funds to finance Mr. Strulovitch's lavish lifestyle and to purchase and develop the property for his personal property portfolio, rather than depositing the funds in the Holding LLC's accounts, and spending the funds as agreed on the Joint Venture Properties" (id). The plaintiffs argue it was error for the court to dismiss this cause of action specifically against defendants that do not have any contractual relationship with the plaintiffs.

To succeed upon a claim of unjust enrichment the plaintiff must demonstrate that another party was enriched, at the plaintiff's expense and that it is against equity and good conscious to allow the other party to retain what is sought to be recovered (Mandarin Trading Ltd., v. Wildenstein, 16 NY3d 173, 919 NYS2d 465 [2011]). While privity between the parties is not required the relationship cannot be "too attenuated" (Sperry v.

3

Crompton Corp., 8 NY3d 204, 831 NYS2d 760 [2007]). In Crescimanni v. Trovato, 162 AD3d 849, 80 NYS3d 89 [2d Dept., 2018] the court explained that to establish the relationship is not too attenuated and hence unjust enrichment is appropriate it must be of such nature that caused reliance or inducement. Thus, there must be an equitable obligation running from the defendant to the plaintiff (Corsello v. Verizon New York Inc., 18 NY3d 777, 944 NYS2d 732 [2012]). In Georgia Malone & Company Inc., v. Rieder, 19 NY3d 511, 950 NYS2d 333 [2012] the court held there cannot be any claim for unjust enrichment where the parties "simply had no dealings with each other" (id).

In this case, as noted, the plaintiffs have no relationship whatsoever with the non-Strulovitch defendants. Indeed, to the extent the unjust enrichment claim sought to include them it was merely a vehicle whereby the plaintiffs sought to include associates of Strulovitch without any connection to the plaintiffs at all. That is an improper basis upon which to assert unjust enrichment. Moreover, to the extent the plaintiffs argue these entities are somehow controlled or owned by Strulovitch then contractual claims exist foreclosing any unjust enrichment claims at all.

Therefore, based on the foregoing the motion seeking to reargue the dismissal of the unjust enrichment claim as to any defendant is denied.

4

Turning to the motion of the moving defendants, it is well settled that a party that wrongfully files a notice of pendency can be liable for costs and attorney's fees pursuant to CPLR §6514. The court has the discretion whether to grant such a request (In re Sun Properties Consultants Inc., 2021 WL 3574026 [E.D.N.Y. 2021]). Indeed, the request is particularly appropriate where no contract existed between the parties rendering the Notice of Pendency hard to justify (DelMestro v. Marlin, 168 AD3d 813, 92 NYS3d 312 [2d Dept., 2019]). While the First Department holds the request may be granted even in the absence of bad faith where a party unsuccessfully sought the imposition of such lien (Altair Condominium v. 42 West 18th Street Realty Corp., 190 AD3d 448, 135 NYS3d 646 1st Dept., 2021]), the Second Department requires far more to be awarded costs. Thus, in GDG Realty LLC v. 149 Glen Street Corp., 187 AD3d 994, 131 NYS3d 256 [2d Dept., 2020] the court held that costs would not be appropriate where the action was "not frivolous" and "commenced in good faith" and the filing of the notice of pendency was "not wrongful" (id).

The court need not decide whether the filing of the notices of pendency in this case were of such nature as to warrant costs. In this case the notices of pendency were cancelled by the court's inherent power and not pursuant to CPLR §6514(a) or (b). Indeed, the notices of pendency were cancelled because the court

5

dismissed the constructive trust claims which were the only basis upon which to file the notices of pendency in the first place. Thus, no costs can be awarded pursuant to CPLR §6514(c) (see, Congel v. Malfitano, 61 AD3d 807, 877 NYS2d 443 [2d Dept., 2009]). Therefore, the motion seeking reargument and costs is denied.

    So ordered.

ENTER:

Dated: June 13, 2022
      Brooklyn, N.Y.

_____
Hon. Leon Ruchelsman
JSC